IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TODD L. WARD, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | NO. 5:12-CV-8-CAR-CHW |
| | : | |
| TOM CHAPMAN, Warden, | : | |
| | : | Proceedings Under 28 U.S.C. § 2254 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

**RECOMMENDATION**

Before the Court is Petitioner Todd L. Ward's 28 U.S.C. § 2254 petition seeking habeas corpus relief. Doc. 1. Also before the Court is Respondent Carl Humphrey's motion to dismiss the petition as untimely. Doc. 9. Because Petitioner failed to file his section 2254 petition within the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1)(A), and because Petitioner failed to establish adequate grounds for equitable tolling, it is hereby **RECOMMENDED** that the petition be **DISMISSED** as time-barred.

FACTUAL AND PROCEDURAL BACKGROUND

On May 4, 2004, a grand jury in the Superior Court of Bibb County indicted Petitioner for two counts of kidnapping with bodily injury. On April 26, 2005, Petitioner entered a negotiated guilty plea to the lesser included offense of kidnapping on count one, and the Court entered a nolle prosequi order on count two. The Court sentenced Petitioner to twenty years imprisonment with ten years to serve before the remaining time could be served on probation. The final disposition was filed on April 28, 2005.

Petitioner did not pursue a direct appeal. On May 14, 2008, Petitioner filed a motion for reconsideration and modification of void and illegal sentence in the Superior Court of Bibb

1

County, which the Court denied on August 4, 2008. On April 17, 2009, Petitioner filed a petition for writ of habeas corpus in the Superior Court of Dodge County. After conducting an evidentiary hearing, the Court entered its final order denying Petitioner's state habeas corpus petition on July 6, 2010. The Georgia Supreme Court unanimously denied Petitioner's application for certificate of probable cause to appeal the denial of his state habeas corpus petition on January 14, 2011.

On November 22, 2011, Petitioner executed his 28 U.S.C. § 2254 petition seeking federal habeas corpus relief. Respondent subsequently filed an answer and moved to dismiss the petition as untimely. Petitioner filed a response brief opposing Respondent's motion to dismiss.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) "imposes a one-year statute of limitations on all federal habeas corpus petitions." San Martin v. McNeil, 633 F.3d 1257, 1265 (11th Cir. 2011). Under the AEDPA, a petitioner who is seeking a federal writ of habeas corpus must file his petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of time seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1]

When a judgment becomes "final" under 28 U.S.C. § 2244(d)(1)(A) depends on whether a petitioner pursues or forgoes a direct appeal to the United States Supreme Court. Gonzalez v. Thaler, 132 S.Ct. 641, 653 (2012). For those petitioners who pursue a direct appeal to the United States Supreme Court, "the judgment becomes final at the 'conclusion of direct review'—when [the United States Supreme Court] affirms a conviction on the merits or denies a petition for certiorari." Id. For all other petitioners, "the judgment becomes final at the 'expiration of the

---

[1] The one-year limitations period may be triggered by other events described in 28 U.S.C § 2244(d)(1)(B)-(D); however, none of those grounds are applicable in this case.

2

time for seeking such review'—when the time for pursuing direct review in [the United States Supreme Court], or in state court, expires." Id. at 653-654.

In this case, Petitioner did not pursue a direct appeal after pleading guilty on April 26, 2005. Therefore, his conviction became final upon the expiration of time for seeking direct review in state court. Gonzalez, 132 S.Ct. at 653-654; Bridges v. Johnson, 284 F.3d 1201, 1202 (11th Cir. 2002). After carefully reviewing the record, it appears that Petitioner's time for seeking direct review in state court expired no later than May 30, 2005, the date that the thirty-day period during which Petitioner could have filed a notice of appeal in the Georgia Court of Appeals expired.[2] O.C.G.A. § 5-6-38(a). Because Petitioner's conviction became final on May 30, 2005, Petitioner had until May 30, 2006 to file his section 2254 petition in this Court. See Bridges, 284 F.3d at 1202. Petitioner did not execute his petition until November 22, 2011, more than 2,000 days after the limitations period had expired. Accordingly, the record establishes that Petitioner failed to file his federal habeas corpus petition within the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1)(A).

The record also establishes that Petitioner did not submit "a properly filed application for State post-conviction or other collateral review" in order to toll the one-year limitations period. 28 U.S.C. § 2244(d)(2); see also Hutchinson v. Florida, 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for the Section 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run."). Petitioner did not file any type of application for state post-conviction or other collateral review until the Superior Court of Bibb County received Petitioner's motion for reconsideration and

---

[2] Thirty calendar days after April 28, 2005, the date on which the final disposition was filed in this case, would be May 28, 2005, which was a Saturday. Pursuant to O.C.G.A. § 1-3-1(d)(3), if the last day to file a notice of appeal falls on Saturday or Sunday, time is extended to the following Monday. Here, the following Monday would be May 30, 2005, which is the date used herein.

modification of void and illegal sentence on May 14, 2008, and Petitioner did not file his state habeas corpus petition in the Superior Court of Dodge County until April 17, 2009. As noted above, the one-year limitations period for filing his federal habeas corpus petition elapsed on May 30, 2006. Therefore, by the time Petitioner submitted any type of application for state post-conviction or other collateral review, the one-year limitations period for filing his federal habeas corpus petition had long since expired, meaning that there was no time left to be tolled. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004), citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003) ("Once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.").

In addition to the statutory tolling provided in 28 U.S.C. § 2244(d)(2), the AEDPA's one-year limitation period is subject to equitable tolling in certain extraordinary cases. See generally Holland v. Florida, 130 S.Ct. 2549 (2010). A petitioner seeking federal habeas corpus relief in the Eleventh Circuit is entitled to equitable tolling only if he establishes: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Hutchinson, 677 F.3d at 1100, quoting Holland, 130 S.Ct at 2562 (quotation marks omitted). Petitioner bears the burden of showing that equitable tolling applies in his specific case. Drew v. Department of Corrections, 297 F.3d 1278, 1286 (11th Cir. 2002).

Petitioner here does not address the issue of equitable tolling, but Petitioner does argue that the only reason he waited to file his federal habeas corpus petition was because he was awaiting decisions on three state court pleadings that he filed in 2010.[3] This argument is unavailing because Petitioner fails to plead or proffer sufficient facts to show that he exercised

---

[3] Petitioner specifically alleges that he filed the following three pleadings in either October 2010 or November 2010: (1) petition to remove from sex offender registry, (2) notice of tort claim, and (3) motion for reconsideration and modification of void and illegal sentence. The first two pleadings do not appear in the record, and the third pleading, which does appear in the record, contains a file-stamp date of May 14, 2008, and not October 2010 as Petitioner claims in his reply brief.

"reasonable diligence" in pursuing his rights or that some "extraordinary circumstance" stood in his way. San Martin, 633 F.3d at 1267. Moreover, even after liberally construing Petitioner's pleadings, his allegations are conclusory at best, and it is well-established in the Eleventh Circuit that "the allegations supporting equitable tolling must be specific and not conclusory." Hutchinson, 677 F.3d at 1099. As such, Petitioner does not satisfy his burden of showing circumstances that would justify the application of equitable tolling in this case. Drew, 297 F.3d at 1286. Consequently, the record establishes that Petitioner has not established adequate grounds for equitable tolling.

## CONCLUSION

Because the record establishes that Petitioner failed to file his section 2254 petition within the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1)(A), and because the record establishes that Petitioner failed to establish adequate grounds for equitable tolling, it is hereby **RECOMMENDED** that the motion to dismiss (Doc. 9) be **GRANTED** and that this section 2254 petition be **DISMISSED WITH PREJUDICE**.

Additionally, and pursuant to the requirements of Rule 11(a) of the Rules Governing Section 2254 Cases, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-484 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, it is further **RECOMMENDED** that the Court **DENY** a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 14th day of November, 2012.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
